UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALBERTO TROCHE,**

       Plaintiff,

v.                                                    Case No:   6:14-cv-419-Orl-22KRS

**CITY OF ORLANDO and PETER DELIO,**

       Defendants.

REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR ATTORNEYS' FES AND COSTS (Doc. No. 36)
>
> **FILED:** November 18, 2014

**I.    PROCEDURAL HISTORY.**

On March 17, 2014, Plaintiff Alberto Troche filed a civil rights complaint against the City of Orlando ("City") and Peter Delio, individually. Doc. No. 1. Thereafter, Troche filed an amended complaint. Doc. No. 17. Troche alleged that on December 7, 2013, he used his cell phone to record Orlando Police Department ("OPD") officers making an arrest in downtown Orlando. He further alleged that OPD officer Delio attempted to take Troche's cell phone from him. When Troche refused to release the cell phone, Delio placed him under arrest and seized the cell phone. Troche was held for approximately fifteen hours before he was released. OPD held Troche's cell phone for twenty-three days before returning it. Troche alleged that the conduct of

Delio violated his First and Fourth Amendment rights as protected by 42 U.S.C. § 1983, that both Defendants falsely arrested him in violation of Florida law, and that the City failed to enact constitutionally adequate policies and train its police officers on the constitutional rights of citizens in violation of § 1983.  *Id.*

On September 26, 2014, Defendants tendered an offer of judgment to Troche pursuant to Federal Rule of Civil Procedure 68.  They offered Troche $15,000.00 plus a reasonable attorney's fee in an amount to be determined by the Court and taxable costs.  Doc. No. 31-1.  Troche timely accepted the offer of judgment.  Doc. No. 31.  The Court directed the Clerk of Court to enter a judgment against Defendants and in favor of Troche in the amount of $15,000.00 plus a reasonable attorney's fee and taxable costs to be determined by the Court.  Doc. No. 32.  Judgment was entered on October 14, 2014.  Doc. No. 33.

On November 18, 2014, Troche filed the above-referenced motion for attorneys' fees and costs and a memorandum of law supported by an OPD written directive.  Doc. Nos. 36, 37, 37-1.  Troche also filed the affidavits of Michael D. Jones, Esq., Howard S. Marks, Esq., Stephane Casco and J. Marc Jones, Esq.  Doc. Nos. 38-41.  Troche later filed a supplement to the motion with the required Local Rule 3.01(g) certification.  Doc. No. 44.  Defendants filed a memorandum in opposition to the motion supported by the affidavit of Bruce R. Bogan, Esq., and copies of certain OPD training bulletins.  Doc. Nos. 48, 48-1, 48-2 and 48-3.[1]

The motion has been referred to me for issuance of a Report and Recommendation.

---

[1] Troche also filed a reply to Defendants' response without leave of Court in violation of Local Rule 3.01(c).  Doc. No. 49.

**II.   ANALYSIS.**

Federal Rule of Civil Procedure 68(a) provides, in pertinent part, that a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  In this case, Defendants made such an offer of judgment as follows:  "The Defendants offer to allow entry of judgment against them in the amount of $15,000.00 plus a reasonable attorney's fee in an amount to be determined by the Court and taxable costs."  Doc. No. 31-1 ¶ 3.  Troche accepted this offer.  Doc. No. 31.  He now seeks an award of reasonable attorneys' fees and costs.

   *A.   Attorneys' Fees.*

Counsel for the parties agree that the lodestar approach is the proper method to determine reasonable attorneys' fees.  Defendants contend that the hourly rates sought by counsel for Defendants are not reasonable in the central Florida market.  They also contend that the hours worked were not reasonable.  Instead of conducting an hour-by-hour analysis, Defendants suggest that the Court should apply an across-the-board cut of the time worked by Troche's attorneys, citing to the factors set forth in *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714 (5th Cir. 1974).  Doc. No. 48.

   1.   Reasonable Hourly Rates.

I begin with an analysis of the reasonable hourly rate.  J. Marc Jones, Esq., the only attorney of record for Troche in this case, seeks a rate of $350.00 per hour.  Michael D. Jones, Esq., seeks a rate of $500.00 per hour, and Stephanie Casco, a paralegal, seeks a rate of $100.00 per hour.  Doc. No. 37 at 9.[2]

---

[2] Throughout this Report and Recommendation, citations are to the page numbers assigned when a document was filed in CM/ECF, rather than the original page numbers appearing in the document.

"[The] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.* (internal citation omitted).

Attorney J. Marc Jones attests that he graduated from law school in 2008. Doc. No. 41 ¶ 2. After graduation, his practice was devoted to complex business and commercial litigation, real property litigation and eminent domain/inverse condemnation litigation. He also worked "of counsel" with Michael D. Jones and Associates, P.A. on numerous cases involving constitutional rights issues. *Id.* ¶ 3. At the beginning of 2010, he started his own law practice. He has served as lead counsel for plaintiffs in civil rights cases and land use cases. *Id.* ¶ 4.

Attorney Michael D. Jones attests that he was admitted to the Florida bar in 1971. Doc. No. 38 ¶ 2. His practice areas have ranged from complex business to real property litigation, eminent domain/inverse condemnation litigation and litigation involving government misconduct. *Id.* ¶ 3. He was trial counsel in a landmark property rights case before the United States Supreme Court, and he is counsel in several of the cases in which Attorney J. Marc Jones averred that he was lead counsel. *Id.* ¶ 5.

Paralegal Stephanie Casco avers that she received an Associate of Science degree in paralegal studies in 2005. Doc. No. 40 ¶ 1. Thereafter, she worked as a legal secretary. *Id.* ¶ 3. Since early 2013, she has worked at J. Marc Jones, P.A. as a paralegal. In this job, she has developed greater experience in all stages of civil litigation. *Id.* ¶ 4.

Troche and Defendants also submitted the affidavits of fee experts. Troche relies on the affidavit of Howard Marks, Esq., as his fee expert. Doc. No. 39. Attorney Marks avers that he has been litigating § 1983 cases in Florida for more than twenty years. He is, among other things, board certified by the Florida Bar in civil trial law and business litigation. *Id.* ¶ 1. He attests that there are very few attorneys in central Florida who represent plaintiffs in civil rights lawsuit. *Id.* ¶ 3. He also avers that he is familiar with the customary fees charged by attorneys in central Florida. He attests that the rate of a senior partner with more than twenty years of experience will exceed $400.00 per hour.[3] He further attests that the rates of senior associates average $350.00 per hour. *Id.* ¶ 5. It is Marks' opinion that $350.00 per hour is reasonable for the work of J. Marc Jones, that $475.00 per hour is reasonable for the work of Michael D. Jones and that $100.00 per hour is reasonable for the work of Paralegal Casco. *Id.* ¶ 15.

Defendants rely on the affidavit of Bruce R. Bogan, Esq., as its fee expert. Doc. No. 48-1. Attorney Bogan avers that he was admitted to the Florida Bar in 1986. He has continuously focused on the defense of governmental entities and officers in civil rights litigation. *Id.* ¶ 4. Attorney Bogan opines that $350.00 per hour is unreasonable for an attorney with the experience of J. Marc Jones. He opines that Attorney J. Marc Jones' reasonable hourly rate is no more than $250.00 per hour. *Id.* ¶ 9. He opined that $100.00 per hour is at the high end of compensation for paralegals in the central Florida community. *Id.* ¶ 10. Finally, he opines that $350.00 per hour is the customary hourly rate for an attorney of the experience of Michael D. Jones. *Id.* ¶ 11.

I am also aware of fee expert affidavits filed in other civil rights cases in this division of the Court. In *Hazleton v. City of Orlando*, No. 6:10-cv-342-Orl-36DAB, 2013 WL 5954728, at *7

---

[3] He submits that his current hourly rate for non-contingent cases is between $475.00 and $490.00. Doc. No. 39 ¶ 5.

(M.D. Fla. Aug. 1, 2013), the Magistrate Judge found a "consensus that partner rates for civil rights cases in this area range between $300 and $400-$450 an hour . . . ." Nevertheless, the Court found that $300.00 per hour was reasonable for an attorney who had 19 years of experience and an attorney who had who had 27 years of experience, in part because of the tasks performed that could have been performed by a professional with less experience at lesser cost. *Hazleton v. City of Orlando*, No. 6:10-cv-342-Orl-36DAB, 2013 WL 5952427, at * 3 (M.D. Fla. Nov. 4, 2013). In *First Vagabonds Church of God v. City of Orlando*, No 6:06-cv-1583-Orl-31KRS, 2008 WL 4877159, at * 2-5 (M.D. Fla. Nov. 12, 2008), the Court found that $300.00 per hour was reasonable for an attorney who had more than 20 years of experience, that $350.00 per hour was reasonable for an attorney with more than 16 years of experience who served as lead trial counsel, and that $400.00 per hour was reasonable for an attorney who was the Legal Director of the ACLU for Florida who had approximately 25 years of experience.

Having considered the evidence presented in this and other similar cases, and applying the governing case law, Attorney Michael D. Jones' requested rate of $500.00 per hour is not supported by the evidence, including the opinion of Troche's fee expert. I recommend that the Court find that $400.00 per hour is reasonable for the compensable legal work performed by Attorney Michael D. Jones in this case. This is within the range of evidence of rates for partners presented in *Hazelton*, and it is consistent with the fee award in *First Vagabonds Church.*

A rate of $350.00 per hour is not reasonable for Attorney J. Marc Jones, because he has only been practicing law for 6 years. Although Attorney Marks avers that $350.00 per hour is reasonable, he bases that opinion, in part, on his "personal knowledge that J. Marc Jones has much more experience in the law than his years out of law school generally suggest." Doc. No. 39 ¶ 5. Neither Attorney Marks nor Attorney J. Marc Jones provide any detail about this legal experience

before law school graduation. *Id.*; Doc. No. 41 ¶ 2. Under these circumstances, the evidence is insufficient to support an hourly rate in excess of the prevailing market rate for an attorney who has been practicing law for 6 years. Recognizing, however, that Attorney J. Marc Jones was lead counsel in this case, I recommend that the Court find that $250.00 per hour is reasonable for the compensable legal work he performed in this case, which is supported by Attorney Bogan's expert opinion.

Defendants do not strongly contest the rate of $100.00 per hour for the compensable legal work of Paralegal Casco, and this rate is reasonable in the central Florida market.

2. Reasonable Number of Hours.

Defendants assert that counsel for Troche worked an excessive number of hours on some tasks and that the work of Attorney Michael D. Jones is largely duplicative of the work of Attorney J. Marc Jones. They assert that the case was resolved at an early stage of the litigation with limited results achieved and, therefore, that the attorneys' fee award should be reduced significantly. Defendants ask for an across-the-board reduction in fees. However, the time records are not so voluminous that the Court cannot reasonably evaluate them on a task-by-task basis. Therefore, I recommend that the Court not apply an across-the-board reduction in fees.

Defendants submit that Attorneys J. Marc Jones spent excessive time preparing the original complaint. The timesheet of J. Marc Jones reflects that he worked 17.5 hours on 1/29/2014, 1/31/2014 and 3/10/2014 drafting the original complaint. Doc. No. 41-1 at 1. Attorney Marks, Troche's fees expert, opines that it would be appropriate to reduce this time to 10 hours. Doc. No. 39 at 10. Attorney Bogan, the Defendants' fee expert, opines that a reasonable amount of time for this work would be 7 hours or less. Doc. No. 48-1 at 2. In light of the recommended reduction of

the hourly rate for the work of J. Marc Jones, I recommend that the Court accept the opinion of Attorney Marks and reduce J. Marc Jones' time to prepare the original complaint to 10 hours.

Defendants' fee expert asserts that J. Marc Jones did not adequately describe the work performed on 1/28/2014 before the complaint was filed. The timesheet reflects that J. Marc Jones worked 8 hours on that date to "Research Constitutional Issues & Case Law." Doc. No. 41-1 at 1. While I agree that this statement of the work performed does not describe the research performed in detail, an attorney is required to be familiar with the relevant law before drafting a complaint. *See, e.g.,* Fed. R. Civ. P. 11. Therefore, I recommend that the Court find that 8 hours was not unreasonable for this work.

Defendants and their fee expert also assert that the hours Attorney J. Marc Jones expended in researching and responding to the second motion to dismiss were unreasonable. His timesheet reflects that he worked 31.5 hours on these tasks on 4/29/2014, 5/1/2014, 5/5/2014, 5/6/2014, 5/7/2014 and 5/8/2014. Doc. No. 41-1 at 1. Defendants' fee expert opines that this research and drafting should have been completed in 8 hours or less. Doc. No. 48-1 at 3. Review of the motion to dismiss shows that Defendants raised several legal arguments including that Delio was entitled to qualified immunity because there was arguable probable cause to arrest Troche, that the post-arrest seizure of the cell phone did not violate the Fourth Amendment, that Troche failed to plead facts sufficient to show that his First Amendment rights were violated, that Troche failed to plead facts sufficient to show that the City could be liable under *Monell*, and that the state law causes of action were barred by sovereign immunity. Doc. No. 22. I recommend that the Court find that 31.5 hours was not unreasonable for an attorney with the experience of J. Marc Jones to research and respond to these myriad factual and legal issues.

Defendants also object to work performed by J. Marc Jones researching an excessive force claim because no such claim was asserted. However, the timesheet reflects that this work was performed in anticipation of requesting leave to file a second amended complaint. Doc. No. 41-1 at 2 (8/28/2014). Settlement discussion began the next day and the Defendants served their first offer of judgment on September 4, 2014. It appears from the timesheet that research on a proposed second amended complaint stopped once settlement discussions and offers of judgment were served. Under these circumstances, I recommend that the Court find that research on an additional possible claim was appropriate and that the hours worked on this task (6 hours) were reasonable.

Defendants also assert that the work of Attorney Michael D. Jones was duplicative of the work of J. Marc Jones. This assertion is supported by a comparison of the timesheet of Michael D. Jones with the timesheet of J. Marc Jones. For example, Michael D. Jones spent most of his time reviewing documents prepared by J. Marc Jones. He also reviewed the amended motion to dismiss filed by Defendants the response to which was prepared by J. Marc Jones. Doc. No. 38-1. "[A] fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case . . . . But the fee applicant has the burden of showing that, and where there is an objection raising the point, it is not a make-believe burden." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999). In the motion, Troche's counsel does not address how Michael D. Jones made a distinct contribution to the litigation of this case. In his affidavit, Michael D. Jones avers as follows: "I was brought into the instant matter in an advisory capacity. My time included participation in the initial investigation, interviews with Plaintiff, brainstorming claims, reviewing pleadings and motions, and reviewing discovery responses." Doc. No. 38 ¶ 7. This description of Michael D. Jones' role in this case is insufficient to meet the burden of showing that he made a distinct

contribution to the litigation. Therefore, I recommend that the Court find that the hours worked by Michael D. Jones are not reasonable because his work was duplicative of the work performed by J. Marc Jones.

Defendants' fee expert opined that the hours worked by Paralegal Casco were not unreasonable. Doc. No. 48-1 ¶ 10. Therefore, I recommend that the Court find that the 6.6 hours worked by Paralegal Casco were reasonable in the absence of objection.

3. Lodestar.

If the Court accepts the foregoing recommendations, the lodestar attorneys' fees would be as follows:

| Professional | Hourly Rate | Reasonable Hours | Total |
|---|---|---|---|
| J. Marc Jones, Esq. | $250.00 | 98.4 | $24,600.00 |
| Michael D. Jones, Esq. | $400.00 | 0.0 | $0.00 |
| Stephanie Casco, Paralegal | $100.00 | 6.6 | $660.00 |
| **GRAND TOTAL** | | | **$25,260.00** |

Defendants assert that the lodestar attorneys' fee should be reduced because the case was resolved at an early stage in the litigation with limited results achieved. Doc. No. 48 at 7. The Court should not place undue emphasis on the monetary relief granted. *See Norman*, 836 F.2d at 1302 ("The vindication of a constitutional right is important even if only a small amount of money is involved."). The parties dispute whether Troche obtained a change in the City's policies or whether the written directive issued by the City was simply reiteration of training, policies and procedures that were already in place. Fee litigation should not require major litigation on the merits of a case. Furthermore, the lodestar figure recommended above is already a significant

reduction from the $42,235.00 in fees sought by Troche in his motion. Doc. No. 37 at 11. Therefore, I recommend that the Court find that a downward adjustment to the lodestar is not warranted in this case.

      B.     *Expert Witness Fees.*

Troche also seeks $1,400.00 for the fee charged by its fee expert, Howard Marks. Doc. No. 37 at 11. Marks averred that he spent 3.5 hours reviewing the files and preparing his expert witness affidavit at the reduced rate of $400.00 per hour. Doc. No. 39 ¶ 19.

Troche does not cite the basis for an award of expert witness fees. The scope of Troche's recovery is limited by the offer of judgment he accepted. The offer included "a reasonable attorney's fee in an amount to be determined by the Court and taxable costs." It did not expressly include expert witness fees. Therefore, the Court must determine whether attorney's fees in a case of this type include expert witness fees or whether expert witness fees are taxable costs.

Under 42 U.S.C. § 1988, the fee award statute for civil rights cases, expert witness fees may be awarded as part of the attorney's fee only in actions to enforce 42 U.S.C. §§ 1981 or 1981a. *Hodges v. Sch. Bd. Of Orange Cnty., Fla.*, No. 6:11-cv-135-Orl-36GJK, 2014 WL 6455436, at * 16 (M.D. Fla. Nov. 13, 2014). Because this case did not arise under §§ 1981 or 1981a, § 1988 does not authorize an award of the expert fees charged by Attorney Marks as part of Troche's attorneys' fees.

Expert witness fees also are not taxable costs. "[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's [expert] witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 does not provide for costs for experts unless they were court-appointed. 28 U.S.C. § 1920(6). Attorney Marks was not court-appointed as an

expert witness in this case. Section 1821 provides for payment of an attendance fee and travel costs to a witness. 28 U.S.C. § 1821(a)(2)(b), (c). Attorney Marks did not appear in Court and there is no evidence that he was deposed. Therefore, he is not entitled to witness fees under § 1821.

Accordingly, I recommend that the Court find that the expert witness fees for the work of Attorney Marks are not compensable.

C.   *Costs.*

In the motion, Troche seeks an award of $618.60 in costs. Doc. No. 37 at 15-16.[4] These costs have already been taxed by the Clerk of Court. Doc. No. 45.

**III.   RECOMMENDATION.**

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** in part and **DENY** in part Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 36). I further **RECOMMEND** that the Court require Defendants to pay Plaintiff $25,260.00 in attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 27, 2015.

                                      *Karla R. Spaulding*
                                      KARLA R. SPAULDING
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

---

[4] There appears to be a typographical error in the memorandum of law in support of the motion. In the memorandum, Troche seeks costs in the amount of $618.80, Doc. No. 37 at 15-16, but the exhibit to the Affidavit of Stephanie Casco reflects that the costs and expenses total $618.60, Doc. No. 41-1 at 3, which is the amount that was taxed, Doc. No. 45.

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy